# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00383-CV

**In re Randall Jones**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Randall Jones, an inmate proceeding pro se, has filed a petition for writ of mandamus complaining of the trial court's failure to rule on his motion to compel his trial counsel to release his client file. Jones asserts that the motion was filed with the trial court on March 1, 2021 and brought to the court's attention on May 17, 2021. Contemporaneously, this Court affirmed the judgments of conviction, the Court of Criminal Appeals refused his petitions for discretionary review, and our mandates issued on March 4 and April 15, 2021. *See Jones v. State*, 613 S.W.3d 274, 276 (Tex. App.—Austin 2020, pet. ref'd); *Jones v. State*, 03-19-00140-CR, 2020 WL 5507223, at *1 (Tex. App.—Austin Aug. 31, 2020, pet. ref'd).

At the time Relator filed his motion to compel his attorney to turn over his file, the trial court no longer had general jurisdiction over the underlying criminal proceedings. *See In re Earl*, No. 11-21-00063-CR, 2021 WL 1707873, at *1–2 (Tex. App.—Eastland Apr. 30, 2021) (orig. proceeding) (mem. op.) ("A trial court's jurisdiction expires 'when a case becomes final or is taken to a higher court.'" (quoting *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim.

App. 2002) (orig. proceeding) (plurality op.)).  Without jurisdiction, a trial court has no duty to rule on "free-floating" motions that are unrelated to any pending action.  *See In re Douglas*, No. 03-20-00589-CV, 2020 WL 7640147, at *1–2 (Tex. App.—Austin Dec. 23, 2020) (orig. proceeding) (mem. op.); *see also In re Rhodes*, No. 14-15-00195-CR, 2015 WL 1247267, at *1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015) (orig. proceeding) (mem. op.) (denying mandamus relief where trial court's plenary power over relator's criminal case had expired and, consequently, trial court had no duty to rule on motion seeking to compel relator's former attorney to return client file).  Furthermore, we cannot say on the record before us that five months constitutes an unreasonable length of time for his motion to remain pending even if it was properly before the trial court.  *See In re Halley*, No. 03-15-00310-CV, 2015 WL 4448831, at *2 (Tex. App.—Austin July 14, 2015) (orig. proceeding) (holding that a six-month delay did not constitute an unreasonable length of time).

We therefore deny the petition for writ of mandamus.

_____

Gisela D. Triana, Justice

Before Chief Byrne, Justices Triana and Kelly

Filed:   August 20, 2021

2